Filed in Dawson District Court
*** EFILED ***
Case Number: D18CI190000379
Transaction ID: 0009549116
Filing Date: 10/17/2019 03:20:50 PM CDT

IN THE DISTRICT COURT OF DAWSON COUNTY, NEBRASKA

| | |
|---|---|
| CECILIA ARANA, | ) |
| | ) Case No. CI 19-____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, and TYSON FOODS, INC., | ) |
| | ) |
| Defendants. | ) |

COMES NOW Cecilia Arana by and through her attorney and for her Complaint against the above-referenced Defendants does state and allege as follows:

### PARTIES

1. Plaintiff is an individual residing in Dawson County, Nebraska

2. Defendant Tyson Foods, Inc. ("Tyson Foods") is a nationwide company incorporated under the laws of the state of Arkansas with a plant and business operations in the Dawson County, Nebraska.

3. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company licensed to transact business in the state of Nebraska, which is or was at all relevant time engaged in business in Dawson County, Nebraska.

4. Plaintiff was a former employee of Tyson Foods and insured under a policy of Short Term Disability and Long Term Disability by Unum.

### JURISDICTION AND VENUE

5. Plaintiff incorporates paragraphs 1 through 4 of this Complaint as though fully stated herein.

Exhibit A

1

6. This Court has subject-matter jurisdiction over this case pursuant to Neb. Rev. Stat. § 24-302 because there is an actual and justiciable controversy between the parties to this lawsuit.

7. This Court has personal jurisdiction over Defendants pursuant to Neb. Rev. Stat. § 25-536 because each Defendant has transacted business in and supplied services or things within the State of Nebraska or is a resident of Nebraska. In addition, personal jurisdiction over each Defendant complies with the Nebraska and United States Constitutions.

8. Venue is proper in Dawson County pursuant to Neb. Rev. Stat. § 25-403.01 because Defendant Tyson Foods is a resident of Dawson County.

## FACTUAL BACKGROUND

9. Plaintiff incorporates paragraphs 1 through 8 of this Complaint as though fully stated herein.

10. Plaintiff was an employee of Tyson Foods at all times relevant to this action.

11. Plaintiff suffers from an immune condition known as dermatomyositis.

12. In 2015 Plaintiff began collecting Unum Short Term Disability benefits.

13. Plaintiff took leave from May 2015 through July 2016 for her short term disability.

14. She returned to work August 1, 2016.

15. At all times relevant herein, Plaintiff paid her premiums on her Unum Long Term Disability plan sponsored by her employer Tyson Foods.

16. Tyson Foods accepted premium payments from Plaintiff during May 2015 through July 2016.

17. Plaintiff applied for Long Term Disability benefits in April 2018.

18. Unum denied Plaintiff's Long Term Disability coverage without sending proper notice or notification of such denial.

19. On information and belief, Plaintiff was denied Long Term Disability coverage because she had taken antidepressant medication in 2016. Plaintiff was told this by phone in September or October 2018.

20. Plaintiff's requests for documentation regarding her coverage were never properly answered.

21. Plaintiff exhausted all administrative remedies under the LTD plan.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

22. Plaintiff incorporates paragraphs 1 through 21 of this Complaint as though fully stated herein.

23. This cause of action is against Tyson Foods and Unum.

24. Plaintiff entered into either an explicit or implicit agreement with Tyson Foods that she would remit payment to Tyson Foods which would be contributed to Unum for her benefit.

25. Plaintiff entered into either an explicit or implicit agreement with Unum that she would contribute premium payments and therefore be eligible for benefits under a policy of insurance under which she was a named insured.

26. Tyson Foods breached this agreement by various actions including without limitation failing to forward her premium payments as agreed upon so that she may remain eligible for her Unum insurance benefits.

27. Unum breached this agreement by various actions including without limitation failing to provide agreed-upon long term disability benefits to which Plaintiff was entitled and failing to timely provide the notice or reasoning for such denial.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

28. Plaintiff incorporates paragraphs 1 through 27 of this Complaint as though fully stated herein.

29. This cause of action is against Tyson Foods.

30. Plaintiff paid her premiums on her Long Term Disability Policy during her leave of absence from work, which Defendant Tyson Foods accepted.

31. Defendant Tyson Foods did not remit this payment to Unum.

32. Defendant Tyson Foods cashed Plaintiff's checks and on information and belief kept the proceeds.

33. Tyson Foods accepted the benefit of these checks without honoring its obligation to remit payment to Unum for Plaintiff's Long Term Disability benefits.

34. Tyson Foods was unjustly enriched by these payments.

## THIRD CAUSE OF ACTION: PROMISSORY ESTOPPEL

35. Plaintiff incorporates paragraphs 1 through 34 of this Complaint as though fully stated herein.

36. This cause of action is against Tyson Food and Unum.

37. In the alternative to and without prejudice to Causes of Action One and Two Herein, Defendants should be estopped from claiming Plaintiff did not qualify from Long Term Disability benefits.

38. At all times relevant to this action, Plaintiff relied on the representations and assertions of Tyson Food representatives who informed her she would be approved for Long Term Disability, and even indicated to her how much her monthly benefit would be once approved.

39. Unum failed to properly notify Plaintiff of her ineligibility to receive Long Term Disability Benefits and the basis of such ineligibility, and to the extent Unum provided any explanation for her ineligibility, the explanations were inconsistent and Plaintiff therefore could not adequately appeal.

40. Plaintiff detrimentally relied on the representations of Defendants at all times relevant hereto.

41. As a direct and proximate cause of her reliance, Plaintiff was damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter an order granting Plaintiff the following relief:

a. General Compensatory Damages in an amount to be proven at trial;

b. Special Damages in the amount of benefits due under the contract described herein;

c. An order demanding Defendant(s) disgorge unjust enrichment;

d. Attorneys' fees as provided by law; and

e. Such other and further relief as deemed appropriate by the court.

CECILIA ARANA, Plaintiff

BY    SMITH, JOHNSON, BAACK, PLACZEK, ALLEN, CONNICK & HANSEN
104 N. Wheeler Avenue
Grand Island, NE 68801
Phone: (308) 382-1930
eschroeder@gilawfirm.com

By    <u>/s/ Erin E. Schroeder</u>
Erin E. Schroeder, #26391

5820-1/767574